Case 2.

PET. EQ.

## Sanders *vs.* Sanders.

APPEAL FROM FRANKLIN CIRCUIT.

1. Under the Code of Practice, no cross-petition by a defendant is proper. The only allowable pleadings are demurrer or answer by the defendant, and demurrer or reply by the plaintiff, and counter-claim or set-off by the defendant.
2. In a suit brought for a sale and distribution of property under a will, it is not competent, by cross-petition by a defendant, to attack the will. It must be by a direct proceeding; and a distribution under the will may be enjoined if desirable.

[The facts of the case are stated in the opinion of the court.—REP.]

*J. M. Hewitt* for appellants—

1. Argued that the decision of the county court, by which the will of Sanders had been admitted to record, could not be attacked in the mode in which it had been done in this case. That it could only be assailed by a direct proceeding instituted for that purpose, or on a writ of error or appeal. This doctrine has been the established law on the first point since the decision of this court in the case of *Wells' will*, 5 *Litt.* 273, 280, and adhered to as late as the case of *Hans Huddleson's will*, reported in 13 *B. Mon.*, 307, where a will was attacked collaterally on an action of ejectment.

2. An examination of the evidence will clearly show that the verdict is not sustained by the proof, and therefore should have been set aside and a new trial granted.

3. It is suggested that the appeal was prematurely taken. This is an error. The decree is decisive of the rights of the parties as set out in the original petition, and final, as well as of the *graft* which has been inserted upon it.

*T. N. Lindsey* for appellees—

Contended that the probate of the will in the county court was an *ex parte* proceeding; none of those interested were summoned, and though an appeal might have been prayed, yet as the executor and devisees have brought the will into this court, as the foundation of their claim for a division of the slaves and sale of the realty, every subject connected with the will—its validity, the rights of the parties under it, &c.—must necessarily be connected with whatever judgment should be rendered in the cause.

Had the defendants appealed from the decision of the county court admitting the will to record, and taken the case to the circuit court on the question of probate, the result must have been a consolidation of the cases, or a suspension of this case until that had been finally decided.

The circuit court had jurisdiction of this case as well as to determine whether the paper exhibited was the true last will of Sanders: and having jurisdiction of the case when the will was the foundation of the right asserted in the case, it became indispensible for those resisting the distribution to attack the paper claimed to be the will, or be precluded from afterwards contesting it. The sale might have been effected before the decision upon the validity of the will. Hence the defendants attacked the will by cross-pleading.

It is too late, after making the issue on the validi-

ty of the will, and trying that issue and failing, to turn round and question the jurisdiction.

The facts clearly show the incompetency of James Sanders to make a will.

June 7.

Judge CRENSHAW delivered the opinion of the court:

This petition was filed by the executors and devisees of James Sanders, deceased, to sell the real estate, as it could not be divided without injury to the estate, and to distribute the proceeds, &c.

All the devisees are plaintiffs except three, and two of these three file their answers, making them cross-petitions, and charging that the paper exhibited by the plaintiffs as the will of James Sanders, deceased, is not his true last will and testament—that he was not of disposing mind and memory, and that improper influence had been exercised over him.—By answers to these cross-petitions, an issue was formed as to the validity of the will, and a jury was impannelled by the court to try the issue, and they found against the will, and the court rendered a decree declaring that the instrument filed and exhibited as the will of James Sanders, deceased, was not his last will and testament. No further decree was rendered.

The only question discussed by the counsel, or necessary to be investigated and decided, is—Can the will be questioned and attacked by cross-petition in a suit brought in part to carry out its provisions, or can it be attacked in equity in any other way than by an original and direct proceeding for the purpose of invalidating it? These questions must be answered in the negative.

Whether, previous to the adoption of the Code of Practice, a will could be questioned and sought to be set aside by a cross-bill in a suit brought to execute its provisions in part or in whole, it is not important to inquire. But, we will remark, that it does not occur to us that there would have been any impropriety in such a proceeding, although we remember no

example of the kind. It is certain that a will could not have been attacked collaterally under the old system of practice with any more propriety than it can be done under the pretent system. But, a proceeding to set aside a will by a cross-bill, or cross-petition, could hardly be said to be a collateral attack upon it, but rather as a direct proceeding for invalidating the will, though commenced not by original, but by cross-suit.

However, the only pleadings allowed by the Code are—the petition by the plaintiff, the demurrer or answer by the defendant, and the demurrer or reply by the plaintiff. The defendant may set forth in his answer as many grounds of defense, counter-claim, or set-off, as he shall have; but a cross-petition is not allowed or contemplated by the Code. That part of the answer in this case, which was intended as a cross-petition, cannot with propriety be denominated a defense to the action at all under the Code.— The action was brought for a sale of the land and slaves, and a distribution of the proceeds, under the allegation that the slaves and land could not be divided in kind, and for a correction of an alleged mistake in the will upon the subject of advancements, and for distribution of the proceeds of the sale, &c. The action was not brought to *set up* or *establish* the will, but for other purposes, under the assumption that the will was the true last will and testament of James Sanders. Now, an attack upon the validity of the will, by cross-petition, is not a defense to the allegations of the petition, but a distinct proceeding to set aside the will, and this is not allowed or authorized by the Code.

If the complainants in the cross-petition desire to set aside the will, they must institute an original proceeding for that purpose, or appeal to the circuit from the opinion of the county court admitting the will to record; and if the ends of justice and equity require it, they might, by appropriate allegations, in an original petition, obtain an injunction to further

1. Under the Code of Practice, no cross-petition by a defendant is proper. The only allowable pleadings are demurrer or answer by the defendant, and demurrer or reply by the plaintiff, and counter claim or set-off by the defendant.

2. In a suit brought for a sale and distribution of property under a will, it is not competent, by cross-petition by a defendant, to attack the will.

proceedings upon the petition for sale of the land, slaves, &c., until the question of will or no will can be tried.

Being of opinion that the Code does not authorize or sanction a cross-petition, the judgment of the circuit court upon that proceeding in the present case must be reversed.

Wherefore, the judgment is reversed, and the cause remanded, that the judgment upon the cross-petition be set aside, and for further proceedings up-on the original petition.